Sanders, Janet L., J.
The plaintiffs, two general contractors (GCs), represent a class of GCs and their employees who perform installations of kitchen and bath remodels for Lowe’s Home Centers, Inc. (Lowe’s). They brought this action contending that Lowe’s improperly classified them as independent contractors when the law requires that they must be treated as Lowe’s employees. Plaintiffs now move for summary judgment in their favor.[1] This Court concludes that there are genuine issues of material fact in dispute such that summary judgment is inappropriate.
The plaintiffs’ motion rests on the interpretation and application of G.L.c. 149, §148B, which states that an individual is an employee unless the individual or entity who pays him satisfies a three-part test. First, the defendant must show that the worker is “free from control and direction in connection with the performance of the service, both under his contract for the performance of the service and in fact.” G.L.c. 149, §148B(a)(l). Here, the Court is to examine the extent to which the defendant controls the details, particularly the means and methods, of the worker’s performance. Athol Daily News v. Board of Review of the Div. of Emp’t&Training, 439 Mass. 171,177 (2003). Under the second prong of the test, the defendant must establish that the service the worker performs is “outside the usual course of [the defendant’s] business.” G.L.c. 149, § 148B(a)(2). The law does not define “usual course of business” but the Massachusetts Attorney General has stated that the relevant inquiry is whether the service provided is necessary to the defendant’s business or merely incidental to it. Massachusetts Attorney General Advisory 2008/1 at 6. Finally, the defendant must prove that the worker is “customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.” G.L.c. 149, §148B(a)(3). Here, the court is to consider both whether the worker is capable of performing the service for others and whether the nature of the business makes the worker dependent on the defendant for the service’s continuation. CoverallN. Am., Inc. v. Commissioner of the Div. of Unemployment Assistance, 447 Mass. 852, 858 (2006); see also Boston Bicycle Couriers, Inc. v. Deputy Dir. of the Div. ofEmp’t & Training, 56 Mass.App.Ct. 473, 480 (2002).
Plaintiffs assert that summary judgment on their misclassification claim is appropriate because Lowe’s cannot satisfy any one of the prongs of the statutory test. Lowe’s has cited material facts in dispute on each of these prongs, however. For example, as to the first prong of the test regarding the degree of control Lowe’s exercised over the GCs, it points to testimony by several GCs calling into question the extent to which Lowe’s in fact directed the kitchen and bath installations on a day to day basis. As to the second prong, Lowe’s cites evidence suggesting that it primarily focuses on retail sales from its home improvement stores with only a small portion of its revenues related to the installations plaintiffs perform. As to the final prong of the three-part test, the summary judgment record *696 contains evidence that the named plaintiffs and the GC class members have established contracting businesses, own their own vehicles and tools, own or lease office space, purchase their own insurance, and advertise their services. In other words, they are not dependent on Lowe’s.
The plaintiffs respond that all they must show is that Lowe’s has no reasonable expectation of proving any one of the three prongs, since all three are necessary under the statute to defeat the presumption that the individual is an employee. Plaintiffs then focus their attention on the first prong of the test, and argue that the fact disputes Lowe’s relies on are not material. Specifically, they contend that whether the Lowe’s exerted actual control over the GCs is irrelevant since this Court should not look beyond the contract itself. Certainly, the legislature did not intend to permit an employer who otherwise exercises actual control over its workers to escape responsibility due to artful contract drafting. See Boston Bicycle Couriers, Inc., 56 Mass.App.Ct. at 484 (interpreting similarly worded G.L.c. 151A, §2). But it does not necessarily follow that this Court should completely disregard a defendant’s actual level of control and look only at the contract. Certainly, this Court is not aware of any Massachusetts court that has done that, at least in the context of summary judgment.
Even if the plaintiffs’ analysis were correct, however, it is not immediately evident that the GC Agreement provides Lowe’s with the level of oversight sufficient to establish that the plaintiffs are employees as a matter of law. While the GC Agreement certainly demonstrates that Lowe’s could exercise a measure of supervision over the plaintiffs, it does not appear that the agreement gave Lowe’s control over the actual execution of the installations, which by their very nature involved skill and independent judgment. See Massachusetts Attorney General Advisory 2008/1 at 3 (providing as an example of an independent contractor a worker who completes the job using his or her own approach with little direction and dictates the hours that he or she will work on the job). The lack of substantive control under the GC Agreement, coupled with the testimony from many of the GC class members, creates at the very least a genuine issue of fact regarding the extent to which Lowe’s controlled the plaintiffs.
For these reasons and for other reasons spelled out in the Memoranda of Law submitted by the defendants, the plaintiffs’ Motion for Summary Judgment is DENIED.

 Whether the employees of the GCs can be deemed to be the employees of Lowe’s even assuming the GCs are employees is the subject of a separate motion brought by the defendants.